## EUREKA FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,

### v.

## AMERICAN CASUALTY CO. OF READING, PENNSYLVANIA, a corporation, and CNA Insurance Companies, a corporation, Defendants.

### No. C–86–4429 SAW.

United States District Court, N.D. California.

July 20, 1987.

Debra S. Belaga, Debra L. Kasper, Jackson, Tufts, Cole & Black, San Francisco, Cal., for plaintiff.

William M. Lukens, M. Armon Cooper, Lukens, St. Peter & Cooper, San Francisco, Cal., Theodore A. Boundas, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendants.

## ORDER DENYING MOTION TO DISMISS

WEIGEL, District Judge.

Plaintiff Eureka Federal Savings and Loan Association ("Eureka") brought this action to recover damages and benefits payable under its directors' and officers' liability insurance policy. Eureka asserts causes of action against the defendant insurance companies for breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief, and violation of the California unfair insurance practices act, Ins.Code §§ 790 et seq.

---

Defendant American Casualty Company of Reading, Pennsylvania ("American Casualty") brought this motion to dismiss the fourth cause of action, which alleges violations of the Unfair Practices Act. American Casualty contends that this cause of action is premature and therefore fails to state a claim.

American Casualty's arguments rest upon the leading case of *Royal Globe Ins. Co. v. Super. Ct.*, 23 Cal.3d 880, 153 Cal. Rptr. 842, 592 P.2d 329 (1979), and its progeny. Those cases have held that a final determination of the insured's liability in a lawsuit by a third party against the insured is necessary before the third party may sue the insurer for unfair practices.

The *Royal Globe* cases are inapplicable to this lawsuit. This is a "first party" action by an insured against its insurance company, rather than a third party claim against the insurer. American Casualty has cited no case in which a California state court has applied the *Royal Globe* doctrine to first party suits such as this one.

■ There is good reason for the absence of such authority. A third party's right to recovery against the insurer is derivative of the insured's right to indemnity, which generally does not arise unless the insured is liable for the third party's injury. *Pacific National Ins. v. Super. Ct.*, 188 Cal.App.3d 481, 233 Cal.Rptr. 189, 196–97 (Cal.App.1986) (Kaufman, J.). Prior determination of the insured's underlying liability is thus a *sine qua non* of an insurer's liability to a third party under the Unfair Practices Act. *See Pacific National*, 233 Cal.Rptr. at 197 (reasoning that absent such a determination, the third party will be unable to prove its damages were proximately caused by the insurer's allegedly unfair acts).

■ In contrast to the contingent rights of a third party, the rights of a first party plaintiff such as Eureka derive from the contractual duties owed directly to it by the insurer. If those duties are breached, as is alleged here, then the insured's cause of action accrues immediately, as is true with respect to contract actions in general. Eureka therefore need not await final adjudication of its liability to third parties before bringing this cause of action. It is true that such an adjudication would give rise to additional, definite damages, but in that sense it is a "prerequisite to recovery and not a prerequisite to stating a viable cause of action." *See Pacific National*, 233 Cal.Rptr. at 199 (Rickles, J. diss.).

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss is denied.